UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RAYMOND EWING, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 3: 09-26-DCR |
| V. | ) ) | |
| LADONNA THOMPSON, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Raymond Ewing has filed a *pro se* Complaint alleging civil rights violations under 42 U.S.C. § 1983. Pursuant to the Prison Litigation Reform Act, Ewing's Complaint must be screened by the Court before he can proceed with this litigation. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1998), *overruled on other grounds*. Screening is intended to identify and dismiss complaints that are "frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Gritner v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

A *pro se* litigant's pleadings are construed liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (*citing Haines v. Kerner*, 404 U.S. 519 (1972). In addition, all allegations are taken as true during the screening process. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, Ewing's Complaint will be dismissed in its entirety, because he seek money damages from Defendants who are immune from such damages.

-1-

**Legal Analysis**

Plaintiff Raymond Ewing, a prisoner at the Louisville Metro Department of Corrections, alleges he was unlawfully detained despite being eligible for release. Ewing has named LaDonna Thompson, Jessica Barrett, Jonathan Hall, Julie Thomas and Ashley Sullivan as Defendants. All Defendants are employees of the Kentucky Department of Corrections ("KDOC"). Ewing seeks money damages, punitive damages, damages for child support, back pay and mental stress from each Defendant solely in his or her official capacity.

State entities possess Eleventh Amendment sovereign immunity. *Will v. Mich Dep't of State Police*, 491 U.S. 58, 66 (1989). Absent a wavier of this immunity, a state entity cannot be held liable for damages under § 1983. *Id.* As an arm of the state, the KDOC is entitled to sovereign immunity. *See Graff v. Pollock*, No. 07-655, 2008 U.S. Dist. LEXIS 59828, *4–5 (W.D. Ky. Aug. 4, 2008). Likewise, employees of the KDOC sued in their official capacities are entitled to the same Eleventh Amendment protection. *See Will,* 491 U.S. at 71; *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (state employees sued in their official capacities cannot be held liable for money damages under § 1983). Here, the KDOC has not waived sovereign immunity.

**Conclusion**

Being sufficiently advised, it is hereby

**ORDERED** that the claims asserted by Plaintiff Raymond Ewing against Defendants LaDonna Thompson, Jessica Barrett, Jonathan Hall, Julie Thomas and Ashley Sullivan in their official capacities [Record No. 3] are **DISMISSED**, with prejudice.

This 11th day of July, 2009.

